(18 App. Div. 296.)

BURGES v. JACKSON et al.

(Supreme Court, Appellate Division, Second Department.   June 15, 1897.)

1. INSURANCE BROKERS—NEGLIGENCE—LIABILITY.
    Persons who hold themselves out as brokers engaged in the business of effecting insurance assume to have the requisite knowledge, information, ability, and skill to transact such business for their patrons, and to use reasonable care, skill, and diligence in so doing; and if such brokers, when employed to procure insurance, place it in a company which has never been authorized to do business in the state, and from which they are not licensed to procure policies, and whose policy is therefore void; they are chargeable with negligence, and liable for its consequences injurious to their employers.

2. SAME—PLEADING AND PROOF.
    In an action against insurance brokers for placing a policy with a company not authorized to do business in the state, where it is alleged in the complaint that the defendants illegally procured the policy with the intent to defraud the plaintiff, if facts showing negligence by the brokers are suffi-

ciently alleged, the plaintiff is not confined to proof of actual fraud, but may recover on the ground of negligence alone.

**3. APPEAL—CHANGE OF THEORY.**
When a defendant concedes that no disputed question of fact is raised by the evidence on a trial, and moves for a nonsuit or dismissal of the complaint, he treats the questions arising upon the evidence as questions of law only, and an exception to the direction of a verdict for the plaintiff is not available to support the contention that the question of his negligence should have been submitted to the jury.

Appeal from trial term, Kings county.

Action by Samuel Burges against Henry H. Jackson and others. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward W. S. Johnston, for appellants.

Charles A. Webber, for respondent.

BRADLEY, J. The defendants, brokers, composing the firm of Peter A. H. Jackson & Sons, engaged in the city of New York in the business of effecting insurance, etc., were, in August, 1894, called upon by the agent of the plaintiff to procure for him insurance against loss by fire upon his barber shop, furniture, fixtures, tools, etc., in his place of business in the city of Brooklyn. Thereupon the defendants sent an application for the insurance in the Great Northern Insurance Company of Manitoba to one Samuel Foster, an insurance broker in the city of Chicago, who procured a policy in that company, through an agency in that city, and sent it to the defendants, from whom the plaintiff, through his agent, received the policy insuring him against loss by fire on such property, not exceeding $500, for one year from August 15, 1894, for which he had paid the premium. When the property was destroyed by fire, in November, 1894, the plaintiff ineffectually sought, through the defendants, communication with that company, the place of business of which appeared on the policy to be Winnipeg, in the dominion of 'Canada. It turns out that the company wound up its affairs and ceased to do business in February, 1894, and therefore had no business existence when the application was made for the policy. The company never had qualified itself to transact business in this state, and was by statute prohibited from doing business here (Laws 1892, c. 690, § 30), nor were the defendants licensed to procure policies from insurance companies not authorized to transact business in the state; consequently any such policy procured by them from any such company would be void (Id. § 137), and the soliciting or procuring it would be a misdemeanor (Pen. Code, § 577j). The defendants, by holding themselves out as persons constituting such firm engaged in the business of effecting insurance, assumed to have the requisite knowledge, information, ability, and skill to accomplish such purpose in behalf of those who should become their patrons. They were not insurers of the adequacy in financial condition of the companies from which policies were obtained through their advice and agency, but in whatever they did in that respect for others

they undertook to use reasonable care, skill, and judgment, with a view to the security or indemnity for which insurance was sought. It cannot be said that the defendants have manifested the care or discharged the duty which they assumed and undertook to exercise and observe in behalf of their patron when they, in violation of the statute, seek to and do obtain a policy of insurance from a company not qualified to transact business in this state, and for that reason is prohibited from doing any business therein. They assumed, by the nature of their business in seeking patronage, to be cognizant of the law of the state relating to the transaction of the business of insurance therein so far as related to the qualifications of foreign companies to do so, the means for ascertaining which were open, and accessible to the defendants. If they, in fact, were not advised of the statute in that respect, and of the criminal consequences incurred by themselves by soliciting insurance from such disqualified and prohibited companies, and of the further fact that a policy obtained from such a company is void, they were chargeable with negligence, and with its consequences injurious to those whose confidence they may have acquired by their assumed knowledge and information in the business, dependent on patronage which they may obtain upon the faith and confidence that they are possessed of the knowledge and information in those respects essential to the validity of the contract of insurance procured by them for others. In the present case, so far as appears, the defendants never had any reason to suppose that the company in question had any right to transact business in this state, or that they could lawfully assume to solicit insurance from it. They, by their own testimony, or by any evidence, do not attempt to repel the imputation arising against them from the facts before mentioned. There might be some excuse for the want of knowledge that the company had ceased to do business six months before they applied for this insurance, but, as it never had been authorized to do business in this state, it is difficult to see how they can have the benefit of any legal apology to relieve them from the charge of negligence. It, however, is insisted with much force by the learned counsel for the defendants that the cause of action alleged is that of affirmative fraud, and that recovery within the issues cannot be supported on any ground other than fraud. This question was raised by motion to dismiss the complaint, and exception taken to the denial of the motion. The plaintiff, after alleging in the complaint quite fully the facts, adds that the defendants knew, when they procured the policy, that the "company was irresponsible, and unauthorized to issue the same, and that they illegally procured and delivered the said policy to the plaintiff with the intent to defraud him." The cases are numerous to the effect that when a complaint states a cause of action ex contractu and there are allegations in connection with it of fraud or tortious in character in the complaint the alleged tort may be disregarded, and recovery had upon evidence in support of the alleged cause of action upon contract. Conaughty v. Nichols, 42 N. Y. 83; Sparman v. Keim, 83 N. Y. 245. It is true, as urged on the part of the defendants, that where the question is raised recovery is confined to the cause of action alleged, and that, if the plaintiff fails to prove such cause of action, he cannot recover. Southwick v. Bank, 84 N. Y.

420.   If, therefore, the only cause arising from the facts alleged in the complaint is that of fraud, his right to recover was dependent upon evidence in support of such a cause of action.   But, notwithstanding the allegations before referred to, the facts alleged in the complaint, in the view taken of them, support the charge of negligence on the part of the defendants, and recovery on that ground is no departure from the alleged facts in support of it.   In Robinson v. Wheeler, 25 N. Y. 252, the plaintiff alleged that the defendant wrongfully set fire to and destroyed the woodshed.   It was held that the plaintiff could recover without showing that it was purposely done, and upon proof that the woodshed was destroyed through the negligence of the defendant; and upon that ground the recovery was sustained.   Bedford v. Terhune, 30 N. Y. 460.   The evidence warranted the recovery upon the charge of negligence of the defendants.   And the cases cited in support of the contention to the contrary have no necessary application to the facts in the present case.   The evidence in the record does not warrant the assumption made by counsel that the defendants were merely forwarders of the application for insurance in the Great Northern Insurance Company, but the conclusion fairly required is that they assumed to select that company as the one from which the policy should be obtained, and made the application accordingly.

It is also contended that, at all events, the question of negligence should have been submitted to the jury.   The court did specially submit to them the question of value of the plaintiff's property which was covered by the policy and destroyed by the fire, and directed a verdict for the amount so found by the jury.   The question of negligence is really a mixed one of law and fact, and cannot be treated as one of law only, when the evidence admits of any conflicting inference in that respect.   In the case at bar the defendants' counsel conceded that there was no disputed question of fact.   Such concession was fairly required by the evidence.   That question, however, requires no special consideration on this review, since by such concession and the motion for nonsuit or dismissal of the complaint, with the absence of any request for submission to the jury, the questions were treated as those of law only, and consequently the exception to the direction of the verdict is not available to support the contention that the question should have been submitted to the jury.   Winchell v. Hicks, 18 N. Y. 558; Ormes v. Dauchy, 82 N. Y. 443; Dillon v. Cockcroft, 90 N. Y. 649.

The judgment and order should be affirmed.   All concur.