### LANDUSKY v. BEIRNE.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. FIRE INSURANCE—CONTRACT TO PROCURE—COMPANY AUTHORIZED TO DO BUSINESS.

A contract made in New York to obtain fire insurance upon property situated in Pennsylvania imported the procuring of a policy enforceable in either state.

2. SAME—RELIABILITY OF COMPANY.

A contract to obtain "a good policy" of fire insurance in "a very good company" implied the procuring of insurance from a company able and willing to pay in case of loss.

3. SAME—REFUSAL TO PAY

Where a contract was made in New York to obtain fire insurance upon property in Pennsylvania, and the policy secured was not enforceable in either state, and the company refused to pay the loss upon proof thereof, the person contracting to procure the insurance was responsible in damages, regardless of proof of the insolvency of the company.

Goodrich, P. J., dissenting.

Appeal from trial term, Orange county.

Action by George Landusky against Edward C. Beirne. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and HIRSCHBERG, JJ.

Lewis E. Carr, for appellant.

Frank Lybolt, for respondent.

WILLARD BARTLETT, J. According to the testimony of the plaintiff, the defendant, who was doing business as an insurance agent and broker in Port Jervis in the autumn of 1899, undertook, for the sum of $7.90 premium, which the plaintiff then paid to him, to obtain insurance upon the plaintiff's house at Greeley, Pa., by "a good policy in a very good company." The defendant in fact procured and delivered to the plaintiff a policy purporting to be executed by an Illinois company which had no authority to do business either in Pennsylvania or in New York. The insured property was destroyed by fire, and proofs of loss were duly submitted to the company, which has never paid the insurance, or made any response to the plaintiff's communications on the subject. Upon this state of facts, the plaintiff has recovered judgment for $1,000 damages against the defendant for his failure to keep his contract to obtain for the plaintiff a policy of insurance "in a good and responsible fire insurance company, authorized to do business in the states of New York and Pennsylvania." The language quoted is from the findings of fact by the learned trial judge, who also found that the company in which the insurance was obtained was "irresponsible and insolvent." It is contended in behalf of the appellant that the finding of fact which we have quoted is against the clear weight of evidence, but we are unable to concur in this conclusion. If the promise of the defendant was what the plaintiff says it was, we think it imported an undertaking on his part to procure a contract of insurance which should be enforceable in New York, where the agreement was made, and in Pennsylvania, where the property to be insured was situated. It seems unreasonable to hold that the plaintiff would voluntarily pay money to the defendant for procuring a contract, the validity of which would even be doubtful, and the proof suffices to show that the policy was not valid in either state.

It is also argued that there was no undertaking by the defendant that the company in which insurance was to be procured was to be responsible and solvent, but we think the defendant's promise to obtain a policy "in a very good company" implied that the insurance was to be obtained from a company which would be able and willing to pay in the event of a loss.

It must be conceded that the proof on which is based the finding that the company was insolvent, is rather meager, but we think the judgment can be sustained irrespective of that finding. The plaintiff made out a violation of the defendant's contract when he showed that the policy procured for him was not enforceable in New York

or Pennsylvania, and that the company by which it was issued refused to pay the amount specified in the policy after receipt of due proofs of loss. See Burges v. Jackson, 18 App. Div. 296, 46 N. Y. Supp. 326, affirmed in 162 N. Y. 632, 57 N. E. 1105; Shepard v. Davis, 42 App. Div. 462, 59 N. Y. Supp. 456. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.