GEORGE LANDUSKY, Respondent, *v.* EDWARD C. BEIRNE, Appellant.

*Insurance broker — liability of, where he procures a policy from a company not authorized to do business in the State of New York nor enforcible therein and the company refuses to pay a loss thereunder.*

A contract made in the State of New York, by which an insurance broker doing business therein undertakes to procure a good policy of insurance in a very good company upon a house situated in the State of Pennsylvania, creates an obligation on the part of the insurance broker to procure a policy of insurance enforcible in the State of New York and in Pennsylvania from a company able and willing to pay in the event of a loss.

Evidence that the insurance broker procured from an Illinois company a policy of insurance which was not enforcible either in New York or Pennsylvania, and that the insurance company, which had no authority to do business in either of those States, refused to pay the amount of a loss after receiving due proof thereof establishes a breach of the contract, even though the proof that the insurance company was insolvent is meagre.

GOODRICH, P. J., dissented.

APPEAL by the defendant, Edward C. Beirne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Orange on the 8th day of February, 1902, upon the decision of the court, rendered after a trial at the Orange Special Term.

*Lewis E. Carr*, for the appellant.

*Frank Lybolt*, for the respondent.

WILLARD BARTLETT, J. :

According to the testimony of the plaintiff, the defendant, who was doing business as an insurance agent and broker in Port Jervis in the autumn of 1899, undertook, for the sum of seven dollars and ninety cents premium, which the plaintiff then paid to him, to obtain insurance upon the plaintiff's house at Greeley, Penn., by a good policy in a very good company. The defendant, in fact, procured and delivered to the plaintiff a policy purporting to be executed by an Illinois company, which had no authority to do business either in Pennsylvania or in New York. The insured property was destroyed by fire, and proofs of loss were duly submitted to the company, which has never paid the insurance or made any response to the plaintiff's communications on the subject.

Upon this state of facts the plaintiff has recovered judgment for $1,000 damages against the defendant for his failure to keep his contract to obtain for the plaintiff a policy of insurance "in a good and responsible fire insurance company, authorized to do business in the States of New York and Pennsylvania." The language quoted is from the findings of fact by the learned trial judge, who also found that the company in which the insurance was obtained was "irresponsible and insolvent."

It is contended in behalf of the appellant that the finding of fact which we have quoted is against the clear weight of evidence, but we are unable to concur in this conclusion. If the promise of the defendant was what the plaintiff says it was, we think it imported an undertaking on his part to procure a contract of insurance which should be enforcible in New York, where the agreement was made, and in Pennsylvania, where the property to be insured was situated. It seems unreasonable to hold that the plaintiff would voluntarily pay money to the defendant for procuring a contract, the validity

of which would even be doubtful, and the proof suffices to show that the policy was not valid in either State.

It is also argued that there was no undertaking by the defendant that the company in which insurance was to be procured was to be responsible and solvent, but we think the defendant's promise to obtain a policy in "a very good company" implied that the insurance was to be obtained from a company which would be able and willing to pay in the event of a loss.

It must be conceded that the proof on which is based a finding that the company was insolvent is rather meager, but we think the judgment can be sustained irrespective of that finding. The plaintiff made out a violation of the defendant's contract when he showed that the policy procured for him was not enforcible in New York or Pennsylvania, and that the company by which it was issued refused to pay the amount specified in the policy after receipt of due proofs of loss. (See *Burges* v. *Jackson,* 18 App. Div. 296; affd., 162 N. Y. 632; *Shepard* v. *Davis,* 42 App. Div. 462.)

The judgment should be affirmed.

WOODWARD and HIRSCHBERG, JJ., concurred; GOODRICH, P. J., dissented.

Judgment affirmed, with costs.