MURPHY CHAIR CO. v. ATTORNEY GENERAL.

148 563
f151 ¹359

1. CONSTITUTIONAL LAW—AMENDMENTS—SUBMISSION—RESTRICTION
BY LEGISLATURE.

The power of the two houses of the legislature, conferred by
the Constitution (art. 20, § 1), to submit, upon the requisite
vote, a constitutional amendment to the electors, and pre-
scribe the manner of doing so, cannot be restricted by any
previous legislation.

2. SAME—AMENDMENTS—LEGALITY OF SUBMISSION.

The amendment striking section 3 of article 18 from the Consti-
tution, submitted to the electors April 1, 1907, in accordance
with the provisions of the joint resolution authorizing its sub-
mission, was legally submitted, though the procedure pre-
scribed by Act No. 23, Pub. Acts 1905, was not followed.

3. SAME—JOINT RESOLUTION.

Where the legislature regularly adopts a constitutional amend-
ment by a two-thirds vote, and determines upon its submis-
sion to the people and prescribes the manner thereof, it is im-
material whether they call the resolution by which the action
is taken a "joint resolution," a "concurrent resolution," or
give it neither designation.

4. SAME—SUFFICIENCY OF BALLOT.

The ballot used in submitting to the people the "Amendment
to the Constitution relative to the teaching of a mechanical
trade to convicts in the State prisons of this State," was suf-
ficient to challenge attention to the subject.

Mandamus by the Murphy Chair Company and others
to compel John E. Bird, attorney general, to file an in-
formation in equity.   Submitted May 18, 1907.   (Calen-
dar No. 22,294½.)   Writ denied June 3, 1907.

*Hal H. Smith* (*F. A. Baker*, of counsel), for relators.

PER CURIAM.   The relators have requested the at-
torney general to file an information in equity to test the
validity of a certain contract made by the warden and
board of control of the State house of correction and re-

formatory at Ionia and the Ypsilanti Reed Furniture Company, which they claim is in violation of section 3 of article 18 of the Constitution. The attorney general has refused the request, asserting that section 3 of article 18 was stricken from the Constitution by the constitutional amendment submitted to the electors April 1, 1907, by joint resolution passed March 6, 1907.

The relators claim that the constitutional amendment purporting to amend the Constitution by striking out section 3 of article 18 thereof was not legally submitted or adopted. It was submitted at the election held April 1, 1907, by a joint resolution, agreed to March 6, 1907, which prescribed the form of ballot to be as follows:

"Amendment to the Constitution relative to the teaching of a mechanical trade to convicts in the State prisons of this State."

The joint resolution made no reference to Act No. 23 of the Public Acts of 1905, which is entitled—

"An act to secure greater publicity concerning proposed amendments to the Constitution."

It was not presented to or approved by the governor. It is undisputed that the amendment was not submitted in the manner prescribed by the act of 1905. It is claimed that the joint resolution sets aside or suspends this act.

This is an application for a mandamus to compel the attorney general to sign and file such information in equity. It is argued that a joint resolution cannot set aside an act of the legislature, and that the action of the legislature in submitting a constitutional amendment cannot properly be termed a joint resolution; that the joint resolution adopted by the legislature submitting the amendment in question does not in fact conflict with Act No. 23 of the 'Public Acts of 1905; and that the ballot used did not intelligently present the question presented.

The answer to the first contention is that section 1 of article 20 of the Constitution confers the power upon the two houses of the legislature, upon the requisite vote, to

submit a constitutional amendment to the electors, and prescribe the manner of doing so, and that, where the legislature by such action fixes the method of submission, it is within the power conferred by this section of the Constitution, and cannot be restricted by any previous legislation; that by the joint resolution submitting the amendment in question the notice to be given was prescribed, which was to be a notice by the secretary of State of the same character and in the same manner as is now required by law to be given in the case of an election of governor and lieutenant governor, and the sheriffs in turn were required to give notice under the provisions of the general election law.

As to the second and third contentions, they are answered by the consideration that it is of no consequence what the legislature may have termed the resolution by which the action adopting the amendment to the Constitution is taken, whether it be called a "joint resolution" or "concurrent resolution," or be given neither designation. If in fact the legislature regularly adopts by a two-thirds vote the amendment, and determines upon its submission to the people and prescribes the manner thereof, it is exercising a constitutional function, which cannot be restricted by any previous legislation. We think the resolution in question covered the same ground as was attempted to be covered by Act No. 23 of the Public Acts of 1905, and that it necessarily operated to substitute the notice prescribed in the resolution itself for that provided by the previous act.

As to the last contention, we think that the ballot used was sufficient to challenge attention to the subject, and that it is not necessary to set forth at length in the ballot the full terms of the amendment, if the notice gives sufficient information to the electors.

The application for mandamus is denied.