[Civ. No. 8630. First Appellate District, Division One.—May 16, 1933.]

COLPE INVESTMENT CO. (a Corporation), Appellant, v. SEELEY & CO. (a Corporation), Respondent.

Henry E. Monroe and Henriette W. Steinegger for Appellant.

Christopher M. Bradley and Kimball Dyer for Respondent.

THE COURT.—An action for damages based upon the alleged fraud of the defendant while acting as the agent of plaintiff and its assignors.

It was alleged that defendant concealed, with intent to deceive, the material facts concerning the terms, premiums and types of insurance coverage procurable upon properties of plaintiff and its assignors which defendant was employed to keep insured, and falsely represented that such terms, premiums and types of insurance coverage procured upon said properties were the best that could be procured for adequate coverage thereon.

The complaint consisted of six separate causes of action, three of which, namely, the second, fourth and sixth, are not before us on this appeal. Of the remaining three, the first, third and fifth, the first is based upon the failure to write certain policies with a co-insurance clause attached. The other two are based upon the alleged failure to procure the attachment of co-insurance clauses to certain policies and to procure policies for a three-year term upon a two-year premium.

Upon the trial the court granted defendant's motion for a nonsuit as to the three causes of action last mentioned.

Defendant contends that there was no proof that the alleged representations were in fact untrue, or that it violated any duty as agent, or that damage resulted to plaintiff.

It was testified on behalf of plaintiff that defendant was employed as alleged to keep the properties insured continuously up to one hundred per cent of their value. Defendant was instructed that full coverage should be carried, and that this should be procured upon the terms most favorable to the owners. Further, that whenever the policies were to be renewed—which happened annually—the owners and defendant's agent would agree as to the correct values of the properties for the purpose of fixing the amounts of the insurance. It was also testified by qualified experts that the practice of writing co-insurance was known to all brokers, who ought to advise their principals with reference to the effect thereof and also as to the discount allowed in such instances, and also the possibility of procuring a three-year coverage for a two-year premium. Plaintiff's president, who represented the owners in the negotiations with defendant during the period when defendant was procuring the policies, testified that he was never advised of the possibility of procuring these discounts. It was further testified that defendant represented from time to time that the insurance placed

upon the properties was at the best rates obtainable, but that, contrary to such representations, insurance adequately protecting the insured could have been obtained at rates much lower than those actually charged.

The facts testified to were similar to those in *Ferrar* v. *Western Assur. Co.,* 30 Cal. App. 489 [159 Pac. 609, 611], and it is clear that defendant was acting as agent for the plaintiff and its assignors in insuring their properties and undertook to keep the same insured from year to year. Where such is the case it is the duty of an agent to exercise good faith and reasonable diligence to procure insurance on the best terms he can obtain; and if he is a professional agent he should be required to exercise the particular skill reasonably to be expected of such an agent, and to have knowledge as to the different companies and terms available with respect to the commission assumed by him. (2 Couch, Cyclopedia of Insurance Law, pp. 1232, 1233, 1366; 32 Cor. Jur., Insurance, sec. 170, p. 1087; *Burges* v. *Jackson,* 18 App. Div. 296 [46 N. Y. Supp. 326]; Id., 162 N. Y. 632 [57 N. E. 1105]; *Scharles* v. *Hubbard,* 74 Misc. 72 [131 N. Y. Supp. 848].) Whether he has so acted is generally a question for the jury. (32 Cor. Jur., Insurance, sec. 170, pp. 1087, 1088; *Russell* v. *O'Connor,* 120 Minn. 66 [139 N. W. 148]; *Walker* v. *Black,* 216 Pa. 395 [65 Atl. 799].)

It appears that in order to obtain the advantage of the co-insurance clause the property must be insured for an agreed percentage of its value stated therein; and a failure to insure for this amount results, in the event of loss, in the insured having to bear such a proportion thereof as the amount of insurance carried is less than the stated percentage of actual value; but where the required amount of insurance is carried, the insured in case of loss recovers in full therefor, not exceeding, of course, the amount of the policy. Where such a clause is attached to the policy discounts are allowed on the premium rates, which bring such rates materially lower than those charged for straight insurance and without diminution of the protection afforded if the clause be complied with.

It is urged by defendant that the actual value of the properties insured was not shown and that consequently it does not appear that the insured suffered damage. But, as stated, there is testimony that the parties estimated such

values annually and that full coverage was stipulated for. From this circumstance the court might reasonably have inferred that the actual values of the property and the amounts of insurance written thereon were the same. It was also sufficiently shown that policies of insurance upon the several properties involved in these causes of action might have been obtained with co-insurance clauses attached; that such policies would have afforded the protection demanded by the insured, and that the premiums thereon would have been less than those paid. As the natural result of the higher premiums paid, defendant received larger commissions for its services.

It appears without dispute that policies for a three-year term at the two-year rate were procurable, and there was evidence that the properties might have been so insured. It is conceded that the premiums paid were based on the regular rates for straight one-year insurance, and it may be assumed that these rates were as low as could be procured for that class of insurance. Nevertheless there was competent evidence that less expensive adequate coverage might have been obtained; and the question whether defendant's failure to procure it was due to bad faith was under the cases cited a question for the jury.

A nonsuit should not be granted when the plaintiff has produced substantial evidence which, viewed in its most favorable light, tends to support a judgment in his favor. (*Zilmer* v. *Gerichten*, 111 Cal. 73 [43 Pac. 408]; *Estate of Ivey*, 94 Cal. App. 576, 581 [271 Pac. 559].)

The judgment is reversed.