## BARNETT v. SECRETARY OF STATE.

1. Statutes—Joint Resolutions—Constitutional Amendments—Repugnancies.

Joint resolution of legislature stating that article 6, § 21, of the Constitution be amended to provide an annual salary of $15,000 for the governor, of $7,000 each for the secretary of State, State treasurer, attorney general and auditor general, respectively, and $5,000 for the lieutenant governor and then attempting to provide the method and form in which the question shall be submitted to the voters and in so doing reserved to the legislature the authority to fix and determine the annual salary of the State officers other than the governor *held*, to contain such separate, distinct, inconsistent and repugnant propositions as to make it impossible to determine which proposition was intended to be submitted to the electors.

2. Mandamus—Secretary of State—Constitutional Amendment—Confusion.

Supreme Court will not issue writ of mandamus to compel secretary of State to submit matter of amendment of State Constitution to electors where joint resolution contains such separate, distinct, inconsistent and repugnant propositions as could lead to nothing but confusion.

3. Statutes—Joint Resolutions—Surplusage—Legislative Intent.

Supreme Court being unable to determine which of two separate, distinct, inconsistent and repugnant provisions relative to the salary of certain State officers the legislature intended to have the electors pass upon, proposition which appears second in joint resolution is not rejected as surplusage nor first proposition submitted to electors as provided by statute (Const. 1908, art. 6, § 21; art. 17, § 3; 1 Comp. Laws 1929, §§ 3078, 3281).

4. CONSTITUTIONAL LAW—POWER OF LEGISLATURE TO PRESCRIBE METHOD OF SUBMITTING AMENDMENTS.

   Since the legislature has the power to prescribe the manner in which a constitutional amendment shall be submitted to the electors, the language used by it in a joint resolution prescribing method in which amendment contained therein shall be submitted will not be rejected as surplusage and the question presented in accordance with previously enacted statutes as the legislature cannot be restricted by previous legislation (Const. 1908, art. 6, § 21, art. 17, § 3; 1 Comp. Laws 1929, §§ 3078, 3281).

5. COSTS—MANDAMUS—PUBLIC QUESTION.

   No costs are allowed in taxpayer's mandamus proceeding to compel secretary of State to certify proposed constitutional amendment in the manner required by law, a public question being involved.

Petition by David H. Barnett for a writ of mandamus to compel Leon D. Case, Secretary of State of the State of Michigan, to certify a proposed amendment to the Constitution to the county clerks. Submitted June 28, 1938.  (Calendar No. 40,180.) Writ denied July 14, 1938.

*Chester J. Morse,* for plaintiff.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendant.

CHANDLER, J.  The Constitution of this State provides:

"The governor and attorney general shall each receive an annual salary of five thousand dollars. The secretary of State, State treasurer, commissioner of the State land office and auditor general shall each receive an annual salary of twenty-five hundred dollars.  They shall receive no fees or

perquisites whatever for the performance of any duties connected with the offices. It shall not be competent for the legislature to increase the salaries herein provided." (Const. 1908, art. 6, § 21.)

The legislature, at the 1937 session, passed the following joint resolution as a proposed amendment to said section of the Constitution:

"A joint resolution proposing an amendment to section twenty-one of article six of the State Constitution with reference to the salaries of State officers.

"Resolved by the senate and house of representatives of the State of Michigan,

"That the following amendment to section twenty-one of article six of the State Constitution, with reference to salaries of State officers is hereby proposed, agreed to and submitted to the people of the State.

### Article VI.

"SEC. 21. The governor shall receive an annual salary of fifteen thousand dollars. The secretary of State, State treasurer, attorney general, and auditor general shall each receive an annual salary of seven thousand dollars. The lieutenant governor shall receive an annual salary of five thousand dollars. They shall receive no other fees or perquisites whatever for the performance of any duties connected with the offices. It shall not be competent for the legislature to increase the salaries herein provided;

"Resolved further, That the foregoing proposed amendment be submitted to the people of the State at the next regular election. The secretary of State is hereby required to certify the said proposed amendment to the clerks of the various counties of the State in the manner required by law. It shall be the duty of the board of election commissioners of each county to prepare ballots for the use of electors when voting on said proposed amendment,

which ballots, after setting forth the proposed amendment in full, shall be substantially the following form:

"Vote on amendment amending section twenty-one of article six of the State Constitution.

"Shall section twenty-one of article six of the State Constitution be amended to provide for an annual salary of fifteen thousand dollars for the governor, and to authorize the legislature to fix and determine the annual salary of the other State officers?

"Yes ☐
"No ☐

"It shall be the duty of the board of election commissioners in each county to deliver the ballots so prepared to the inspectors of election of the several voting precincts within their respective counties within the time ballots to be used at said election are required to be delivered to such inspectors under the general election law. All votes cast upon said amendment shall be counted, canvassed and returned in the same manner as is provided by law for counting, canvassing and returning votes cast for State officers."

Plaintiff, a qualified elector and taxpayer of the State, made a formal demand upon the secretary of State that the latter certify the proposed amendment to the clerks of the various counties to be "submitted to the people of the State at the next regular election, and in substance, manner and form as by said resolution required, or as you may otherwise prescribe." The secretary of State refused to comply with the demand for the stated reason that the language of the resolution contained certain ambiguities. Thereupon, plaintiff filed his petition for a writ of mandamus to compel the secretary of State to certify the amendment as proposed in the manner required by law.

A most cursory examination of the resolution makes apparent the inconsistent and irreconcilable provisions contained therein. It first purports to state that article 6, § 21, shall be amended to provide an annual salary for the governor of $15,000, an annual salary of $7,000 each for the secretary of State, State treasurer, attorney general and auditor general, respectively, and an annual salary of $5,000 for the lieutenant governor. However, the resolution then attempts to provide the method and form in which the question shall be submitted to the voters and in stating the question has reserved to the legislature the authority to fix and determine the annual salary of the State officers, other than the governor.

Obviously, the resolution sets forth separate, distinct, inconsistent and repugnant propositions, and it is impossible by the application of any known rules of construction to determine which proposition was intended to be submitted.

The Constitution provides that the proposed amendment to be submitted shall be printed in full upon the ballot. Const. 1908, art. 17, § 3. To print also upon the ballot the question as framed by the legislature to be voted upon could lead to nothing but confusion, not only for the voter in casting his ballot, but the result of the election would be placed in the realm of conjecture. This court cannot properly issue its writ of mandamus to cause the secretary of State to perform an act which must eventually lead to such absurd result.

It is suggested that the portion of the resolution following the first sentence of the fifth paragraph thereof which ends with the word "election," be rejected as surplusage and that the secretary of State determine the manner and form of submission of the question as provided by 1 Comp. Laws 1929, § 3281

(Stat. Ann. § 6.594), and that the ballots be prepared as provided by 1 Comp. Laws 1929, § 3078 (Stat. Ann. § 6.366). This suggestion, however, would be applicable only in the event it was possible to determine the clear intent of the legislature in which instance it would be permissible to disregard words and phrases so that the intent determined might be effected. We are unable from a reading of the whole resolution to derive the legislative intent and select which proposition was to be submitted to the voters.

It is further suggested that the portion of the resolution following the first sentence in the fifth paragraph thereof, ending with the word "election" is directory in nature; that it refers to matters of form and not substance; that it was inserted merely to indicate the machinery by which the question was to be presented to the electorate; and, therefore, that it should be disregarded as a useless formality inasmuch as the statutes provide the method of submitting an amendment to the people. See 1 Comp. Laws 1929, § 3078 (Stat. Ann. § 6.366), and 1 Comp. Laws 1929, § 3281 (Stat. Ann. § 6.594). We have said, however, that the legislature has the power to prescribe the manner in which an amendment is to be submitted and that when the power to do so has been exercised it cannot be restricted by previous legislation. *Murphy Chair Co.* v. *Attorney General,* 148 Mich. 563.

The writ is denied. A public question being involved, no costs are allowed.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, and NORTH, JJ., concurred. SHARPE and McALLISTER, JJ., took no part in this decision.