LONG ISLAND LIGHTING COMPANY and the Connecticut Light and Power Company, Plaintiffs-Appellants,

v.

STEEL DERRICK BARGE "FSC 99"; United States of America; Spearin, Preston & Burrows, Inc., & the Conduit Foundation Corporation (a joint venture); Spearin, Preston & Burrows, Inc.; the Conduit Foundation Corporation; Mariner's Harbor Equipment Corporation, Defendants,

and

Pirelli Cable Systems, Inc., Defendant-Appellee.

No. 49, Docket 83–6089.

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1983.

Decided Jan. 5, 1984.

Donald B. Allen, New York City (Caspar F. Ewig, George W. Clarke, Hill Rivkins Carey Loesberg O'Brien & Mulroy, New York City, on brief), for plaintiffs-appellants.

Lois D. Thompson, New York City (Susan B. Brooks, Proskauer Rose Goetz & Mendelsohn, New York City, on brief), for defendant-appellee.

Before OAKES, KEARSE and WINTER, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Long Island Lighting Company ("LILCO"), et al., appeal from a judgment of the United States District Court for the Southern District of New York, after a bench trial before Robert J. Ward, Judge, awarding defendant-counterclaimant Pirelli Cable Systems, Inc. ("Pirelli"), $231,855.25 in damages, plus interest and costs, representing all legal fees and expenses incurred by Pirelli in the present action following service on Pirelli of crossclaims by other defendants. The court found that LILCO had agreed to obtain for Pirelli insurance covering third-party claims of the type asserted in the crossclaims and that the insurance companies engaged by LILCO for that purpose had disclaimed coverage and refused to defend Pirelli on the crossclaims. On appeal, plaintiffs contend principally that the district court erred (1) in finding that proper coverage was not obtained and that the insurers denied coverage, and (2) in failing to limit the damage award to expenses incurred in defending the crossclaims. Finding merit only in the latter contention, we affirm the trial court's ruling on liability but vacate the judgment and remand for further proceedings to determine the proper amount of damages to be awarded.

## I. BACKGROUND

The pertinent events leading to the present controversy are not in dispute. In 1977 LILCO engaged Pirelli to repair certain cables located on the bottom of Long Island Sound. In reaching agreement with Pirelli, LILCO obligated itself to obtain for Pirelli insurance coverage in the amount of $1,000,000 against claims of third parties. LILCO arranged for The Home Insurance Company ("Home") to provide primary insurance coverage for Pirelli in the amount of $100,000 and arranged for Midland Insurance Company ("Midland") to provide $900,000 in excess coverage.

During the course of the repair operations, additional damage was sustained by the cables, and in 1978 plaintiffs commenced the present action to recover for the new damage. They sued Pirelli and others, including certain marine subcontractors (the "Marine Subcontractors") who had furnished personnel, equipment, and services in connection with the repair job. Pirelli notified both insurers of plaintiffs' claims against it and demanded that the insurers defend it. Home responded by disclaiming coverage, pointing to two policy exclusions, including one (hereinafter "Exclusion (g)") for claims relating

> [t]o property damage to (1) property owned by or occupied by or rented to the insured, (2) property used by the insured, or (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.

Those listed as insureds in the policy included Pirelli and the plaintiffs.

On September 29, 1978, the Marine Subcontractors asserted crossclaims against Pirelli, alleging that in the course of the re-

pair project Pirelli had managed and controlled the operation of their equipment and had caused damage to that equipment. On October 5, 1978, Pirelli notified both Home and Midland of the crossclaims and demanded that the insurers defend these claims. Home did not respond. Midland responded only by stating that as excess carrier, it would not defend, but that with respect to whether there was coverage, it would follow whatever position was adopted by Home. Midland suggested that Pirelli "contact ... Home ... to discuss their position on their denial of coverage." Pirelli sent Home a second letter requesting that it acknowledge coverage and take over the defense of claims against Pirelli. Home never replied. Nor did it assume the defense of any claims against Pirelli. Pirelli counterclaimed against LILCO for the cost of defending both LILCO's claim and the crossclaims.

After a bench trial on all issues except Pirelli's counterclaims, the court found, *inter alia,* that Pirelli was not liable to either the plaintiffs or the Marine Subcontractors.

Thereafter a separate bench trial was held on Pirelli's counterclaims for its defense costs. The court found that Pirelli had understood that LILCO would obtain insurance for it against claims of third parties and that both Home and Midland had disclaimed coverage and refused to defend Pirelli on the crossclaims. The court found that the policy's Exclusion (g), quoted above, which had been invoked by Home when it expressly denied coverage of the claims asserted against Pirelli by plaintiffs, was applicable to the crossclaims asserted by the Marine Subcontractors.

The court concluded that LILCO had thus, in breach of its contractual obligation, deprived Pirelli of insurance coverage as to the cost of defending the crossclaims. It held that LILCO was liable for Pirelli's damages, which "consist[ed] of the attorney's fees and expenses [Pirelli] incurred in defending the claims asserted against [Pirelli] by the crossclaimants in their answer served on September 29, 1978." The court made no finding that LILCO had under-taken to procure insurance covering the cost to Pirelli of defending a suit by LILCO, and it did not conclude that plaintiffs were liable for Pirelli's costs of defending the main suit. The court entered judgment awarding Pirelli $231,855.25, plus interest and costs, representing "all legal fees and expenses incurred in connection with this litigation from the date on which crossclaims were served on Pirelli ... until September 30, 1982."

This appeal followed.

## II. DISCUSSION

Plaintiffs challenge the court's ruling as to their liability, contending that the court erred in finding (1) that the insurance procured for Pirelli by LILCO did not cover the crossclaims, and (2) that the insurers denied coverage. They also contend that even if these findings are not overturned and plaintiffs are thus liable to Pirelli for its expenses in defending the crossclaims, the judgment entered was improper because it awarded damages in excess of those expenses. We agree with the contention as to damages, but not with those as to liability.

### A. *Plaintiffs' Liability*

Under New York law, a party who has engaged a person to act as an insurance broker to procure adequate insurance is entitled to recover damages from the broker if the policy obtained does not cover a loss for which the broker contracted to provide insurance, and the insurance company refuses to cover the loss. *Landusky v. Beirne,* 80 A.D. 272, 274, 80 N.Y.S. 238, 239 (1903), *aff'd,* 178 N.Y. 551, 70 N.E. 1101 (1904); *Scharles v. Hubbard & Co.,* 74 Misc. 72, 76, 131 N.Y.S. 848, 851 (1911). A refusal to cover the loss may be inferred from the insurer's failure to pay the claims or to respond to the insured's demand for payment. *See Landusky v. Beirne, supra,* 80 A.D. at 273–74, 80 N.Y.S. at 239–40. The insured need not first pursue an action against the insurer, but may recover directly from the party who acted as broker. *Id.,* 80 A.D. at 274, 80 N.Y.S. at 239; *Scharles v. Hubbard & Co., supra,* 74 Misc. at 76, 131 N.Y.S. at 851.

In the present case, the trial court found both that the policy procured by LILCO did not cover the crossclaims in accordance with the parties' agreement and that the insurers denied coverage and refused to defend or pay those claims. We may not disturb those findings since we conclude they were not "clearly erroneous." Fed.R.Civ.P. 52(a).

■ The court found that LILCO was obligated to provide Pirelli with insurance coverage against third-party claims. On appeal, plaintiffs concede that they were so obligated. The court further found that the policy obtained by LILCO did not provide such coverage because Exclusion (g), cited by Home in disclaiming coverage of the plaintiffs' claims against Pirelli, was also applicable to the crossclaims. This finding was a reasonable inference from the record. Exclusion (g) of the policy obtained by LILCO excluded coverage of claims relating to property used by the insured or controlled by the insured; and the crossclaims asserted that Pirelli had managed and controlled the property of the Marine Subcontractors that was damaged. Consequently, the court's conclusion that LILCO breached its obligation to provide Pirelli with insurance covering the crossclaims is adequately supported by the record.

■ Nor do we see any error in the trial court's finding that the insurers disclaimed coverage and refused to defend. Pirelli wrote twice to Home and once to Midland to request that the insurers defend against the crossclaims. Home both times refused to respond; indeed, plaintiffs' brief on appeal states that "to this day [Home] has not[ ] responded." (Brief on appeal at 7.) Nor did Home in fact come in to defend against the crossclaims on Pirelli's behalf. Under New York law, Home's conduct— and Midland's piggybacking response—provided an ample basis for the court's finding that the insurers had refused to defend against the crossclaims. The finding that the insurers denied coverage was a reasonable inference from, inter alia, their refusals to defend, the apparent applicability of Exclusion (g) to the crossclaims, Home's earlier express invocation of Exclusion (g) as a

basis for not defending Pirelli against the plaintiffs' claims, and Midland's characterization of Home's position on the crossclaims as a "denial of coverage."

Accordingly, we affirm the ruling on liability.

### B. The Damage Award

■ The judgment entered by the district court awarded Pirelli $231,855.25, plus interest and costs, "that sum being all legal fees and expenses incurred in connection with this litigation from the date on which crossclaims were served on Pirelli . . . until September 30, 1982." The court had found, however, that Pirelli's damages as a result of LILCO's breach "consist[ed] of the attorney's fees and expenses [Pirelli] incurred in defending the claims asserted against [Pirelli] by the crossclaimants in their answer served on September 29, 1978." (Emphasis added.) Since it is undisputed that Pirelli's legal expenses following service of the crossclaims included its defense against the claims of the plaintiffs as well as its defense against the crossclaims, the judgment should have limited the award to that amount expended by Pirelli in defense of the crossclaims. We have considered the arguments advanced by Pirelli in support of the excess amount awarded by the judgment and we find them without merit.

### CONCLUSION

The decision of the district court holding plaintiffs liable to Pirelli for its attorney's fees and expenses incurred in defending the crossclaims is affirmed. The judgment is vacated and the cause is remanded for such further proceedings as may be necessary to enable the court to enter a new judgment limited to the amount of those fees and expenses, plus interest.