■ SANDRA WEINER, Appellant, v. PHYSICIANS NEWS SERVICE et al., Respondents.—Judgment in favor of defendants dismissing the complaint unanimously modified, on the law, and on the facts, to the extent of reversing the dismissal of the complaint and granting a new trial, with costs to abide the event. Following a verdict by a jury in favor of the plaintiff in the sum of $50,000, in an action for breach of contract to secure a policy of insurance in that amount on the life of plaintiff's husband, in which plaintiff was to be designated as a beneficiary, the trial court set aside the verdict of the jury and dismissed the complaint on the ground that plaintiff was merely an incidental beneficiary under the alleged contract and, as such, had no right of recovery. Although we disagree with that conclusion, we nevertheless hold that the verdict should not stand since it is against the weight of the credible evidence and that there should be a new trial. If the oral agreement, upon which plaintiff relies, had been made as alleged, then it would have been the manifested intent of the parties to the agreement that the plaintiff would be directly benefited and, accordingly, she would have been a donee beneficiary rather than a mere incidental beneficiary (see *Johnson* v. *Holmes Tuttle Lincoln-Mercury,* 160 Cal. App. 2d 290). The purpose of the husband in bargaining for the alleged promise to obtain the insurance would have been to confer a right to some performance from the promisee to the plaintiff as beneficiary. It is sufficient to constitute a donee beneficiary that the beneficiary be entitled to performance from the promisor *or* that he have a right of action against the promisor (2 Williston, Contracts [rev. ed.], § 356; Restatement, Contracts, § 133). However, as already indicated, we find that the verdict in favor of plaintiff is against the weight of the credible evidence and consequently direct a new trial. Settle order on notice. Concur—Botein, P. J., Breitel, Rabin, Valente and Eager, JJ. [27 Misc 2d 470.]