Jacqueline SHEA, Appellant,

v.

Dale A. JACKSON, Appellee.

No. 4118.

District of Columbia Court of Appeals.

Argued March 4, 1968.

Decided Aug. 8, 1968.

David Carliner, Washington, D. C., with whom Jack Wasserman and Chester Shore, Washington, D. C., were on the brief, for appellant.

Harry L. Ryan, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

This appeal is from an order granting a motion to dismiss appellant's complaint. The complaint alleged that appellant was the widow of Simon J. Shea who had been employed by R&G Orthopedic Appliances, Inc. for some ten years prior to his death; that during that time Shea had been en-

rolled in the group life insurance program at R&G; that some time prior to Shea's death, appellee, an insurance broker, approached Charles Ross, the President of R&G, and induced Ross to change the existing group life insurance policy covering the employees of R&G to another insurance company, and represented to Ross that all employees covered by the old policy would be covered by the new policy regardless of whether such employees were at work on the commencement date of the new policy; that Shea enrolled in the new group life insurance plan and named appellant as the beneficiary; and that when Shea died a few months later, the insurance company refused to pay appellant's claim on the ground that he was specifically excluded from coverage under the policy because he had not been at work on the commencement date of the policy and had not returned to work prior to his death. The complaint alleged misrepresentation of the terms of the policy by appellee and claimed damages of $10,000, the face value of the policy.

■ When the trial court granted the motion to dismiss the complaint, it gave no reason for its action. However, both in the trial court and here, appellee urged essentially two grounds as warranting dismissal. First, appellee claims that the action was premature in that appellant should have sued the insurance company and had her rights under the policy determined before bringing this action against appellee. We reject this contention. In this action appellant may show proof of loss and rejection by the insurance company on a valid ground.[1]

■ Appellee's second basic ground, that the complaint failed to state a cause of action, must be considered in light of the rule that a motion to dismiss should not be granted unless it appears as a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in substantiation of the claim advanced in the complaint.[2] This is true even though the particular relief sought and the theory on which the complaint is based are not appropriate.[3] From the facts alleged in the complaint, we are of opinion that appellant may establish a breach of the brokerage contract by appellee. An insurance broker who undertakes to procure insurance for another and through fault or neglect fails to do so is liable for damages thereby resulting.[4]

■ Appellant's right to sue on the alleged breach of contract stems from her status as a third party beneficiary thereto.[5] In this regard we adopt the reasoning of two recent cases that support the proposition that persons intended to be beneficiaries of insurance contracts have the right to sue as donee beneficiaries of the contract to procure insurance.[6] We think

1. Harris v. A. P. Nichols Inv. Co., 25 S. W.2d 484 (Mo.App.1930); Scharles v. N. Hubbard, Jr. & Co., 74 Misc. 72, 131 N.Y.S. 848 (App.T.1911); See also Curacao Trading Co. v. William Stake & Co., 61 F.Supp. 181 (S.D.N.Y.1945).

2. Early Settlers Insurance Co. v. Schweid, D.C.App., 221 A.2d 920 (1966).

3. IA Barron and Holtzoff Federal Practice and Procedure § 276.1 at 144, 145 (1960).

4. Annot., 29 A.L.R.2d 171 (1953), cited in Aetna Casualty and Surety Co. v. Walter Ogus, Inc., D.C.Cir., 396 F.2d 667 (decided Feb. 27, 1968). See also Note, Liability of an Insurance Agent or Broker in Procuring or Maintaining Insurance of an Owner, 12 Vand.L.Rev. 839 (1959).

It has been held that the broker may be liable in contract as well as in tort. Marano v. Sabbio, 26 N.J.Super. 201, 97 A. 2d 732 (1953).

5. This court has recently expressed approval of the third party beneficiary doctrine as enunciated in Restatement, Contracts §§ 133–147 (1932). Aetna Casualty & Surety Co. v. Kemp Smith Co., D.C.App., 208 A.2d 737 (1965).

6. Weiner v. Physicians News Service, 13 A.D.2d 737, 214 N.Y.S.2d 474 (1961), commented on in 37 Notre Dame Lawyer 254 (1962) and 36 N.Y.U.L.Rev. 1475 (1961); Johnson v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal.App.2d 290. 325 P.2d 193 (1958).

it has been sufficiently alleged or it can be logically inferred from the complaint that appellee agreed with Ross, President of R&G, who acted as an agent of the employees of R&G,[7] to procure a group life insurance policy wherein those employees who were covered by the old policy would be covered by the new regardless of whether they were at work on the commencement date of the policy; that Simon Shea enrolled in the program naming his wife as beneficiary; that the insurance company refused to pay her on the ground that her husband was specifically excluded; and that she is bringing this suit in the capacity of a donee beneficiary of the contract between appellee and her husband through the agency of Ross. It was error to dismiss the complaint.

Reversed.

7. "In considering group insurance transactions, it is held that the employer acts as the agent of the employes and not of the insurer." McFadden v. Equitable Life Assur. Soc., 351 Pa. 570, 41 A.2d 624, 626 (1945).