286 So.2d 254 (1973)
LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Samuel SANDERMAN and Diana Sanderman, His Wife, Appellees.
No. 73-394.
District Court of Appeal of Florida, Third District.
December 4, 1973.
*255 Stephens, Magill, Thornton & Sevier and John P. Wiederhold, Miami, for appellant.
Fink & Syna, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of an order granting final summary judgment for appellees on a homeowners insurance policy.
The appellees were insured under a policy issued by the appellant in New Jersey. When the Sandermans subsequently moved to Florida, they contacted a representative in appellant's Dade County office, Miss Pat Noegel. Appellees informed Miss Noegel they wished to cancel their New Jersey policy and receive a Florida replacement policy. Miss Noegel had the Sandermans complete an application for the Florida coverage containing the same $8,000.00 limit on coverage for unscheduled property as was listed on the New Jersey policy. Subsequently, a binder was issued to appellees, and in September 1970 appellees were issued their Florida policy. One year later, the Sandermans reported to appellant's Miami office a theft of $95.00 in cash and $3,300.00 in jewelry. They presented a sworn proof of loss statement. Appellees were then informed that their Florida policy provides for a $500.00 limit on recovery per theft for unscheduled items of jewelry. The Sanderman's previous policy issued by appellant in New Jersey provided for a $1,000.00 limit per item for unscheduled jewelry.
By deposition, appellees and Miss Noegel testified that appellees wanted the same coverage they had obtained in New Jersey at the time they applied for the Florida policy. Appellees testified that Miss Noegel was not certain she could obtain the $1,000.00 limit per item but indicated she would be able to get at least a $250.00 per item limit. Miss Noegel testified she could not recall her specific conversations with appellees regarding the coverage on unscheduled items of jewelry. However, she did testify that she did not mention a $250.00 per item limit because that would be a figure "out of the air." Appellant contends that it does not write such a limit in any policies in this area. Miss Noegel also testified that appellant follows a policy whereby any material change which occurs in a policy provision is brought to the insured's attention by placing a red and white sticker on the policy which reads, "This policy contains significant changes." Appellees' policy contains no sticker, and appellees testified they never read the fine print of their policy and did not learn of the $500.00 per theft limitation until after their jewelry was stolen.
Both parties moved for summary judgment, and following a hearing the trial court granted appellees summary judgment for $4,084.48, which includes interest, court *256 costs and reasonable attorney's fees, and excludes a $595.00 credit to appellant for a tender previously made by check to the appellees.
Appellant's first point on appeal is that summary judgment was improper because a genuine issue of material fact existed as to whether or not the Sandermans were informed by the company or Miss Noegel of the $500.00 limit on unscheduled jewelry in their Florida policy. We do not feel that error has been demonstrated.
The insureds' failure to read their policy in this case does not preclude them from claiming a conflict between the policy and the coverage desired. See Blumberg v. American Fire & Casualty Co., Fla. 1951, 51 So.2d 182.
This court considered a factual situation analogous to the instant case in Joseph Uram Jewelers, Inc. v. Liberty Mut. Fire Ins. Co., Fla.App. 1972, 273 So.2d 111. A jeweler requested coverage for "mysterious disappearances" of his merchandise from the insurer's agent and filled out an application for insurance requesting the same. The agent informed the insured that the coverage would be denied by the insurance company if they did not accept it. Subsequently, the insured received his policy with the application attached and no indication that the requested coverage had been denied. We held in this situation that even though the insured had not read the policy, where the insured was not specifically informed by the company or its agent that the requested coverage had been denied and where reliance on the application would result in greater indemnity to the insured, then the application would determine the limits of the insured's coverage.
In the cause sub judice, the appellees were not notified by the insurer, in accordance with company policy, of a material change in their Florida policy. Appellees' application requested the same limit for unscheduled property on their Florida policy as previously existed on their New Jersey policy. Thus, we conclude that appellees were not specifically informed by the company of coverage which was less than that appellees had requested.
Appellant also argues that summary judgment should not have been entered because the amount of damages was never proved. However, appellees did submit a sworn proof of loss form, and the record does not show that appellant ever seriously questioned either the theft or amount of loss incurred by appellees at any stage of the proceedings in the trial court. We do not think this point has been preserved for appeal. For this reason, appellant's third point, that attorney's fees were awarded prematurely, is without merit.
We have carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.