325 So.2d 453 (1976)
EMMCO INSURANCE COMPANY, a Corporation, Appellant,
v.
MARSHALL FLYING SERVICE, INC., Appellee.
No. 75-521.
District Court of Appeal of Florida, Second District.
January 14, 1976.
Rehearing Denied February 9, 1976.
Timothy F. Prugh, Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Sherryll Martens Dunaj, Frates, Floyd, Pearson, Stewart, Proenza and Richman, Miami, for appellee.
McNULTY, Chief Judge.
Appellee Marshall Flying Service, Inc., a crop dusting company, is a defendant in *454 this pending action for damages alleging wrongful destruction of property by chemical spray. Appellant Emmco Insurance Company issued a policy to appellee Flying Service which afforded only hull insurance on the latter's airplanes together with general liability coverage. The Flying Service's application for insurance had expressly requested chemical damage coverage, but unbeknown to it such coverage was excluded by the terms of the policy. The Flying Service nevertheless called upon Emmco to respond for such coverage.
Appellant Emmco thereupon intervened in the main action requesting a declaratory judgment as to its obligation under the policy with respect to the plaintiff's claim for chemical damage. The trial court ultimately granted summary judgment in favor of the Flying Service and this appeal ensued.
The question of coverage turned on: (1) whether a proper application was made by appellee Flying Service for such chemical coverage to a proper agent of appellant Emmco and (2), if so, whether such agent knew or should have known of such request. Given affirmative answers, the court then concluded that, as a matter of law, Emmco was responsible for chemical damage coverage if its agent failed to provide such coverage or failed to notify the Flying Service that the policy which in fact issued excluded such coverage.[1] He found that there were no material issues as to the two operative facts and that therefore summary judgment for the Flying Service was proper. Upon a careful review of the record we have concluded that on this point appellant has not made error clearly to appear. We therefore, as to that, affirm.
We note here that the summary judgment was entered before appellant had an opportunity under procedural rules to assert a set-off for the difference between the premiums actually charged for the limited coverage given and those which would have been chargeable had the additional coverage for chemical damage claims been given. We think this was improper and that appellant should have an opportunity to avail itself of this set-off. Accordingly, with respect to that aspect of the summary judgment, and insofar as it precludes appellant from asserting such set-off, it should be reversed for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] Concerning an insured's failure to read his own policy, see Liberty Mutual Fire Insurance Co. v. Sanderman (Fla.App. 3d, 1973), 286 So.2d 254, in which it was held not to be fatal, given affirmative answers to the criteria set forth in the body hereof.