359 So.2d 1203 (1978)
William T. BURNS, III, Appellant,
v.
CONSOLIDATED AMERICAN INSURANCE COMPANY et al., Appellees.
No. 77-1381.
District Court of Appeal of Florida, Third District.
June 27, 1978.
*1205 Krongold, Bass & Rosen and Paul H. Bass, Coral Gables, for appellant.
Corlett, Merritt, Killian & Sikes, Greene & Cooper and Sharon Wolfe, Miami, Walsh, Kahn & Gustafson and Michael K. Gray, Fort Lauderdale, for appellees.
Before BARKDULL and HUBBART, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by an insured, William T. Burns, III [Burns], plaintiff in the trial court, from a final summary judgment rendered in favor of defendants, Consolidated American Insurance Company [Consolidated], the insurer, and Kenneth E. Willits and Willits Insurance Agency, Inc. [Willits], the agent who placed the insurance policy, coverage under which is contested herein. We are asked to determine whether summary judgment was properly rendered in view of the following facts.
In January, 1975, when he was building a new home, Burns went to Willits, seeking coverage on the premises under construction. The two had dealt with each other previously, and, in 1974, Willits had secured a homeowner's policy on the home in which Burns then resided. Pursuant to this January, 1975 meeting, Willits procured for Burns a second policy, substantially identical to the first, covering the house under construction. Both policies were issued by Consolidated, and both, by their terms, excluded coverage for theft "in or to a dwelling while under construction, or of materials or supplies therefor until completed and occupied." Prior to the assertion of any claim by Burns, Consolidated communicated with Willits, requesting that the agent notify Burns of the theft exclusion.
In mid-June, 1975, Burns sustained a theft loss at the house under construction. Both sides agree that Willits told Burns after this incident that the policy covering the new home did not cover the theft loss, but that Willits agreed to try to recover something for Burns under the unscheduled personal property coverage of the first homeowner's policy, if Burns would supply a list of the stolen property. It appears that Burns never supplied the list, and no recovery was had. In mid-July, 1975, Burns sustained a second theft loss on the new house, for which Willits denied coverage.
In September, 1975, Burns filed a complaint against Consolidated, alleging breach of contract and negligence. Consolidated answered, generally denying the allegations except as to the issuance of the policy, and raising, as affirmative defenses, that the policy did not cover the losses incurred, and that the agent was not authorized to commit the company to coverage which was contrary to the terms of the policy. The complaint was later amended to include Willits and his agency as parties defendant, alleging that Willits agreed to cover the new house against theft, and that plaintiff had relied upon Willits' representations and assurances. By his answer, Willits generally denied these allegations. In 1977, Willits and Consolidated filed separate motions for summary judgment, both of which were granted, after several delays, prior to trial. Consolidated's motion did not state with particularity any of the grounds upon which it was based.
Burns contends that when he saw Willits in January of 1975 he asked for coverage which would include protection against the risk of theft on the home being constructed. *1206 Willits denies this, contending that only a specific amount of coverage was discussed. Moreover, Willits contends that he told Burns, before any loss occurred, that theft coverage was excluded from the policy on the new house while it was being built. Burns denies this.
Two facts are uncontroverted: The policy at issue excludes coverage for theft on the home under construction; and Burns was informed of this exclusion prior to the second theft loss.
By this appeal plaintiff urges that two errors were committed in the rendition of summary judgment. First he asserts that, formally, defendant Consolidated's motion for summary judgment was insufficient to support the order rendered. It did not meet the requirements of Florida Rule of Civil Procedure 1.510(c) in that it failed to state with particularity the grounds upon which it was based and the substantial matters of law to be answered.
As to this point, Consolidated correctly points out that this issue was raised for the first time on appeal. Since plaintiff never raised in the trial court the question of whether Consolidated's motion complied with the requirements of the rule, and never objected to the entry of summary judgment on this ground, any error pertinent thereto was waived. See Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42 (Fla.3d DCA 1970); Frank v. Pioneer Metals, Inc., 121 So.2d 685 (Fla.3d DCA 1960).
Moreover, the purpose of the rule is to put the opposing party on notice as to the grounds which will be asserted against him. In the instant case, plaintiff was aware of the grounds before the motion was decided and therefore suffered no prejudice, so that any error would have been harmless. This argument is without merit.
Plaintiff's second assertion of error reaches the heart of the matter for he contends that summary judgment was erroneously granted because genuine issues of material fact remain disputed. We agree, but it is necessary to separate the circumstances which require reversal from those which do not.
Because both sides agree that Willits informed Burns of the exclusion prior to the second theft loss, summary judgment was properly granted in favor of both defendants as to this aspect of the cause. Burns is not entitled to any recovery on this loss when he admittedly knew the policy he owned did not cover the risk encountered. An agent who agrees to obtain insurance, and, through his own fault or neglect, fails to do no, may be liable in damages, but if, after diligent effort, the agent is unable to procure the requested coverage, his only duty is to inform the party of his inability within a reasonable time. Cat 'N Fiddle, Inc. v. Century Insurance Company, 200 So.2d 208 (Fla.3d DCA 1967), vacated on other grounds, 213 So.2d 701 (Fla. 1968), modified and conformed, 214 So.2d 503 (Fla.3d DCA 1968). Failure of an insured to take appropriate action when he becomes aware that the coverage he thought he had was not obtained by the agent constitutes both a waiver of his right to performance under an alleged oral contract and an estoppel against his right to assert the claim under the alleged oral agreement. First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., 139 So.2d 476 (Fla.2d DCA 1962).
We turn next to the question of whether summary judgment was appropriate as to the first claim. Defendant Willits admits that the parties disagree on whether or not Burns specifically requested theft coverage on the house under construction, but contends that affirmance is nonetheless proper because Burns filed a supplemental affidavit after final summary judgment had been rendered. We regard this argument as immaterial since the record reveals an earlier affidavit by Burns, timely filed, which indicates that Burns indicated to Willits at the time the second policy was ordered, *1207 his intent that the policy cover "all perils." The question of what coverage was requested, singularly material to the cause of action against the agent, remains in dispute. Therefore, summary judgment should not have been rendered in favor of Willits on the claim of loss arising from the first theft incident.
The problem of whether summary judgment was properly entered in favor of Consolidated on the first theft loss is somewhat more complex. Consolidated contends that the trial court was correct in granting summary judgment in its favor because the policy unambiguously excludes theft coverage on the house under construction. (The policy also provides that its terms may only be modified or waived by a written instrument, and no such writing exists.) The company asserts that the doctrines of waiver and estoppel cannot be utilized to create coverage for a risk which is expressly excluded by the terms of the policy.
As a general statement of law, Consolidated is correct in asserting that an agent's representations as to coverage cannot operate by way of estoppel to create coverage where the terms of the policy are unambiguous. Hydraulic Equipment Systems and Fabrication, Inc. v. Pennsylvania Millers Mutual Insurance Company, 277 So.2d 53 (Fla.3d DCA 1973). See also Unijax, Inc. v. Factory Insurance Association, 328 So.2d 448 (Fla.1st DCA 1976); Six L's Packing Company, Inc. v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla.4th DCA 1972); Johnson v. Dawson, 257 So.2d 282 (Fla.3d DCA 1972); State Liquor Stores # 1 v. United States Fire Insurance Co., 243 So.2d 228 (Fla.1st DCA 1971).
But the situation before us cannot be resolved on the basis of broad statements of law which do not take into account the mixed questions of law and fact presented by the instant case. The record reveals that the insurer requested that Willits notify Burns of the theft exclusion before any loss occurred. This fact raises two unresolved questions of fact: Whether the company's notice to Willits was in fact conveyed to Burns. See generally, Cat 'N Fiddle, Inc. v. Century Insurance Company, 213 So.2d 701 (Fla. 1968); Whether the company itself was aware of the coverage allegedly requested by Burns. While estoppel cannot be invoked to create coverage clearly excluded by a written contract of insurance, the concept may be utilized against an insurer when its conduct has been such as to induce action in reliance on it. Mutual of Omaha Insurance Company v. Eakins, 337 So.2d 418 (Fla.2d DCA 1976).
Questions of fact as to the requested coverage and the existence vel non of an oral contract of insurance which included terms other than those specified in the written policy remain unresolved. A parol contract to insure may be enforced against a principal as long as all the elements of a written contract are proven. Collins v. Aetna Insurance Company, 103 Fla. 848, 138 So. 369 (1931). The rendition of summary judgment at this point in the proceedings precluded proof of the existence of these elements. An insurer may be liable for coverage not included in a written contract if its agent failed to provide it or to notify the insured that such coverage was excluded from the policy issued. Emmco Insurance Company v. Marshall Flying Service, Inc., 325 So.2d 453 (Fla.2d DCA 1976). See also Liberty Mutual Fire Insurance Company v. Sanderman, 286 So.2d 254 (Fla.3d DCA 1973); Durbin Paper Stock Company v. Watson-David Insurance Company, 167 So.2d 34 (Fla.3d DCA 1964).
If such a parol contract existed, the issue is not one of estoppel creating coverage, but one of estoppel to deny the existence of an oral contract creating coverage. Was an oral contract, different from the written contract, created at the time coverage was sought on the second house? Since material questions of fact remain unresolved, summary judgment should not have *1208 been rendered in favor of the insurer vis-a-vis the first claimed theft loss. Therefore, the summary judgments rendered in favor of both defendants on the first claim of loss is reversed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this holding.
HUBBART, Judge (concurring in part; dissenting in part).
I concur in the court's opinion and disposition of this case except insofar as the court reverses the trial court's entry of the final summary judgment in favor of the defendant Consolidated American Insurance Co. on the plaintiff's first theft loss claim. I dissent solely as to the latter disposition.
There is clearly no insurance coverage under Consolidated American's insurance policy on either the plaintiff's first or second theft loss claim. And in my judgment there is clearly no parol contract of insurance between Consolidated American Insurance Co. and the plaintiff which covers the plaintiff's first theft loss claim. The fact that Consolidated American Insurance Co. requested that the defendant Willits notify the plaintiff of the theft loss exclusion in the instant insurance policy prior to the assertion of any claims herein in no way raises a genuine issue of material fact as to the existence of such a parol contract of insurance. State Farm Fire and Casualty Co. v. Hicks, 184 So.2d 685 (Fla.2d DCA 1966).
The entry of the final summary judgment in favor of Consolidated American Insurance Co. on the basis of no insurance coverage as to both theft loss claims herein was accordingly correct and should be affirmed.