SCHWARTZ, Judge.
The city of Miami, the plaintiff below, appeals from a summary judgment holding that the defendant-appellee, Great Southwest Fire Insurance Company, is not required to provide liability insurance coverage for an accident which occurred at a city park on April 16, 1977. We reverse.
In early 1976, Miami solicited for bids for liability insurance to cover the city’s pools, parks and playgrounds. The specifications included a requirement for a 90-day notice of cancellation clause. There was only one response to the solicitation. A local insurance broker, Challenge Insurance, Inc. submitted a bid of Great Southwest Insurance Company for the coverage in question. The bid specifically stated
“Also, according to the specifications, 90-day cancellation notice will be attached.” [1]
The city accepted the bid, entered into the insurance contract with Great Southwest, effective June 1, 1976, and paid the specified annual premium of $17,545.00. The only issue involved in this case arose because the completed policy form forwarded by the company and received by the city contained only a standard printed 10 -day cancellation provision, and was unaccompanied by the 90 -day cancellation notice required by both the specifications and the bid. This fact became critical because on January 26, 1977, Great Southwest duly mailed a notice of cancellation of the policy, to be effective on February 27, 1977. On April 16, 1977, a boy was involved in an accident at a municipal park covered by the policy and shortly thereafter sued the city for his injuries. Since this date was less than 90 days after the notice of cancella *895 tion, Great Southwest would be required to provide insurance protection if that were the applicable period.[2] When the city called upon the company to do so, however, it denied coverage on the ground that the 10-day notice in the policy controlled.
The city then sued Great Southwest for a declaratory judgment that a 90 day notice was required and that coverage therefore existed for the April 16th accident. By granting summary judgment for the defendant, the trial judge determined that as a matter of law, the provisions of what the insurer calls the “final” agreement between the parties, that is, the printed policy, prevail. We find error in this ruling.
We agree with the city’s contentions that the record demonstrates, at the least, the existence of genuine issues which preclude summary judgment, Holl v. Talcott, 191 So.2d 40 (Fla.1966), as to:
(a) Whether the broker, Challenge Insurance, was acting as the agent of Southwest and had the actual or apparent authority to bind the insurer to its undertaking in the bid to provide a 90 day cancellation period in the policy. See United Bonding Ins. Co. v. Banco Suizo-Panameno, S.A., 422 F.2d 1142 (5th Cir. 1970); Guarantee Mutual Fire Ins. Co. v. Jacobs, 57 So.2d 845 (Fla.1952); American Fidelity Fire Ins. Co. v. Johnson, 177 So.2d 679 (Fla. 1st DCA 1965), cert. denied, 183 So.2d 835 (Fla.1966); Hughes v. Pierce, 141 So.2d 280 (Fla. 1st DCA 1961).
(b) If so, whether the parties intended the policy to be an “integration” of their entire understanding, Carolina Metal Products Corp. v. Larson, 389 F.2d 490 (5th Cir. 1968), see E. A. Turner Construction Co. v. Demetree Builders, Inc., 141 So.2d 312 (Fla. 1st DCA 1962), or whether, to the contrary, the 90 day notice agreement remained viable notwithstanding the printed form. See Emmco Ins. Co. v. Marshall Flying Service, Inc., 325 So.2d 453 (Fla. 2d DCA 1976), cert. denied, 339 So.2d 1168 (Fla.1976); Liberty Mutual Fire Ins. Co. v. Sanderman, 286 So.2d 254 (Fla. 3d DCA 1973).
Accordingly, the judgment below is reversed and the cause remanded for further consistent proceedings.[3]
Reversed and remanded.

. The bid, in its entirety, was as follows:
CHALLENGE INSURANCE, INC.
7000 S.W. 62nd Avenue, Suite C-207
Caldwell Plaza
South Miami, Florida 33143
667-3632
The City Clerk of the City of Miami, Florida
City Hall
3500 Pan American Drive
Dinner Key
Miami, Florida 33133
Re: BID - MUNICIPAL POOLS AND PLAYGROUNDS
10:00 A.M.-May 4, 1976
Named Insured: THE CITY OF MIAMI, FLORIDA
A Municipal Corporation
Effective Date: June 1,1976
Term: 3 years, premium to be paid annually: $17,545.00
Coverages:
Public Liability -
Bodily Injury Liability $300,000 per occurrence
Property Damage 50,000
Policy to be on per occurrence basis.
Company: Great Southwest Insurance Company
(Cut through available if necessary with A + AAAAA)
All auditing, claims and servicing handled by Crawford & Company, Miami, Florida. (Including periodic reports, as requested.)
Also, according to the specifications, 90-day cancellation notice will be attached.
Attached is sample policy form as requested.
/s/ D. E. Heskett

. Cat N’ Fiddle, Inc. v. Century Ins. Co., 213 So.2d 701 (Fla.1968).

. Although the city has not raised the issue, we point out the possibility that the 10 day cancellation provision may be void on the ground that it is more beneficial to the company than the one provided in the specifications and bid and therefore may not be inserted into the public contract involved in this case. See Robert G. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 16-17 (1930); 26 Fla.Jur. Public Works and Contracts § 24 (1959); 64 Am.Jur.2d Public Works and Contracts § 66 (1972).