412 So.2d 899 (1982)
KELLER INDUSTRIES, INC., Foremost Insurance Company and Alan D. Fulton Company, Inc., Appellants,
v.
BELLEFONTE INSURANCE COMPANY, Appellee.
Nos. 80-2292, 80-2307 and 80-2340.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Rehearing Denied May 3, 1982.
Levine, Reckson, Reed & Geiger and Allen P. Reed, Miami, and Elizabeth M. Bohn, Harold C. Knecht, Jr. and David A. Crowley, Coral Gables, Welbaum, Zook, Jones & Williams and J. Bruce Hoffman, Miami, for appellants.
Adams & Ward and Steven Hunter, Greene & Cooper and Joan M. Bolotin, Miami, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON, and FERGUSON, JJ.
PER CURIAM.
The judgment under review is affirmed on the ground that the record supports the conclusion that the insured, Keller, through its agent, Fulton, became aware of the alleged deficiency in the coverage actually provided by Bellefonte Insurance Co. and thereafter nonetheless renewed the policy. This set of facts invokes the rule stated as follows in Burns v. Consolidated American Ins. Co., 359 So.2d 1203, 1206 (Fla. 3d DCA 1978):
Failure of an insured to take appropriate action when he becomes aware that the coverage he thought he had was not obtained by the agent constitutes both a waiver of his right to performance under an alleged oral contract and an estoppel against his right to assert the claim under the alleged oral agreement. First National Insurance Agency, Inc. v. Leesburg *900 Transfer & Storage, Inc., 139 So.2d 476 (Fla. 2d DCA 1962).
Affirmed.