501 So.2d 679 (1987)
James BABCOCK and Lori Dunn, Appellants,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.
No. 86-650.
District Court of Appeal of Florida, Third District.
January 20, 1987.
Rehearing Denied February 18, 1987.
*680 Horton, Perse & Ginsberg and Edward Perse, Brumer, Cohen, Logan & Kandell, Miami, for appellants.
Gilmour, Morgan & Rosenblatt and Mario Tacher, Miami, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Babcock and Dunn appeal from a final summary judgment in favor of their insurer, United Service Automobile Association (USAA), denying coverage under an automobile insurance policy. We affirm.
Babcock, who is a quadriplegic, employed Dunn as his nurse and housekeeper. Despite his inability to drive, Babcock owned two automobiles which were operated almost exclusively by Dunn. In 1984, Babcock procured automobile insurance from USAA. The written policy, which included PIP and uninsured motorist protection, designated Babcock as the "named insured" and Dunn as an "operator."
While riding on a bicycle, Dunn was involved in an accident and injured by an "uninsured" motorist. Dunn filed a timely claim with USAA based on the uninsured motorist coverage. USAA denied coverage because Dunn, as a mere "operator," was not entitled to coverage unless the injury occurred while she was operating the insured vehicles. All parties agree that based on the policy as written Dunn is not entitled to recover for the injuries she received in her bicycle accident.
Babcock and Dunn filed suit against USAA claiming primarily that the coverage provided by the written policy did not match the coverage requested by Babcock and consequently, that the written policy should be reformed to comport with his oral request. In his deposition, Babcock claimed to have initially contacted and discussed his insurance needs with a USAA representative in USAA's Texas office by telephone. He claimed to have explained his unusual circumstances and in what amounted to no more than a telephone inquiry he requested information and an application form. He further claimed to have indicated that he was interested in a policy that would provide Dunn with full coverage. Babcock was unable to identify the USAA representative. The portion of Babcock's deposition concerning the discussion regarding coverage is illuminating.
"[USAA's counsel]. What kinds of insurance did you discuss sticking strictly to the automobile?
[Babcock]. Number one, I specified that I was not a driver. I did not have a driver's license. I indicated to the agent I spoke to that I was a quadriplegic and one hundred per cent of the driving of both vehicles would be done by Lori [Dunn].
Q. What else did you tell them? Was there anything else?
A. No. I had no reason to give them any other information.
... .
Q. You just told them you wanted Lori to be covered when she was operating your vehicles and picked the amount of coverage based upon what they were going to charge you for premiums?
A. That is correct. I stipulate [sic] that I was not a driver and that Lori was one hundred per cent driver [sic] of both vehicles and she lived in my home as a family member."
In response to his inquiry, USAA mailed Babcock an application form and a sample policy. Babcock completed the application *681 which, together with the sample policy, treated Dunn merely as an operator. The trial court granted USAA's motion for summary judgment and Babcock and Dunn appeal.
Summary judgment is properly granted where there is no genuine issue of material fact and the movant is entitled to prevail as a matter of law. Fla.R.Civ.P. 1.510(c). The trial court correctly granted USAA's motion for summary judgment. For appellants to prevail on their claim they had to demonstrate that Babcock made a valid request or application for full coverage for Dunn and that, despite the fact that the written contract did not so reflect, USAA agreed to provide the full coverage. See State Auto. Mut. Ins. Co. v. Hughes Pharmacy, Inc., 491 So.2d 1260 (Fla. 4th DCA 1986); Peninsular Life Ins. Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983); Burns v. Consolidated Am. Ins. Co., 359 So.2d 1203 (Fla. 3d DCA 1978); Emmco Insurance Co. v. Marshall Flying Serv., Inc., 325 So.2d 453 (Fla. 2d DCA), cert. denied, 339 So.2d 1168 (Fla. 1976); Liberty Mut. Fire Ins. Co. v. Sanderman, 286 So.2d 254 (Fla. 3d DCA 1973); General Motors Acceptance Corp. v. American Lib. Ins. Co., 238 So.2d 450 (Fla. 1st DCA 1970). Consequently, appellants argue, a material issue of disputed fact exists regarding whether or not Babcock requested full coverage for Dunn.
Babcock's own characterization of his conversation with the anonymous USAA representative indicates that he did not request the type of coverage to which he now claims to be entitled. While he may have previously had full coverage for his house-keepers with other insurers, USAA's liability cannot be predicated upon what he meant to include in his inquiry. Since both parties acknowledge that the policy as written excludes the claimed coverage and since Babcock's own deposition testimony demonstrates that he never requested full coverage for Dunn, the trial court properly granted summary judgment in USAA's favor.[1]Cf. Emmco Insurance Co., 325 So.2d at 453 (insured entitled to coverage, other than that provided by written policy, where it appears that proper request was made for the additional coverage and the insurer knew or should have known of request).
Accordingly, the judgment under review is affirmed.
NOTES
[1] The trial court's judgment is buttressed by the affidavit submitted by USAA in support of its motion for summary judgment. The affidavit indicates that only persons who have been officers in the United States military, their spouses, or family members residing in their households, may appear as a named insured in a USAA policy. Consequently, USAA could not possibly have provided Dunn with the coverage Babcock now claims to have requested. Although we recognize that this is not dispositive, cf. Sanderman, 286 So.2d at 254 (fact that insurance company had policy of not issuing policies at limit claimed by insured did not preclude finding that their representative agreed to coverage at that limit), USAA's policy lends credence to the trial court's conclusion that Babcock never requested full coverage for Dunn.