**Joel A. TWAITEN, Appellant,**

v.

**Edward TANKE, et al., Respondents.**

**No. C7–90–1406.**

Court of Appeals of Minnesota.

Feb. 19, 1991.

Review Denied April 29, 1991.

Edward J. Susee, Tempe, Ariz., for appellant.

Frederic N. Brown, Thomas P. Kelly, Brown & Bins, Rochester, for respondents.

Considered and decided by KALITOWSKI, P.J., and SCHUMACHER and DAVIES, JJ.

## OPINION

KALITOWSKI, Judge.

Joel A. Twaiten appeals the judgment of dismissal entered in favor of respondents Edward Tanke and Klein & Sons, Inc. on May 18, 1990. Respondents seek review of the district court's order of June 2, 1988, denying their motion for summary judgment, and of the district court's judgment filed and entered May 18, 1990, denying respondents costs and disbursements against appellant.

## FACTS

This is the third lawsuit involving appellant Joel A. Twaiten, arising out of losses at his business, American Auto Auction (AAA), due to the alleged wrongdoing of Richard Sullivan. AAA was in the business of auctioning automobiles wholesale to and for dealers, and was licensed by the State of Minnesota. In order for the business to be licensed, it was required to be bonded. When AAA was owned and operated by Twaiten, AAA's dealer's bond was obtained through respondent Klein & Sons, Inc.

The amended complaint in this action alleges that Twaiten sold AAA to Sullivan during the late summer of 1980. (See discussion below concerning the Houston County District Court's determination of the nature of the Twaiten–Sullivan transaction.) Twaiten contacted respondent Edward Tanke, an agent employed by Klein & Sons, concerning a dealer's bond for the continued operation of AAA. Tanke informed Twaiten that he and his wife, Beverly Twaiten, would be required to co-sign on the dealer's bond to be issued by Capitol Indemnity Corp., and that they would be required to act as indemnitors on the bond.

Twaiten was concerned about possible liability on the dealer's bond on which he was an indemnitor. Therefore, shortly before August 1, 1980, Twaiten requested that Tanke procure a fidelity bond to protect Twaiten and AAA from wrongdoing or theft of AAA funds on the part of AAA employees. Twaiten specifically requested coverage of Sullivan in the amount of $75,-000.00, as Twaiten was planning to move to Arizona, and Sullivan was to run AAA in Twaiten's absence.

Tanke obtained a fidelity bond, which became effective August 1, 1980, from National Fire Insurance Company of Hartford, a CNA insurance company (CNA). By terms of the bond, Twaiten was protected from financial loss arising out of fraudulent or dishonest acts committed by AAA employees. The bond limited to $75,000.00 Twaiten's recovery on losses from fraudulent or dishonest acts by Sullivan. By its terms, the fidelity bond required that all

actions against CNA be brought within two years from the date the insured discovered a loss.

In late 1981 or early 1982, Twaiten learned that AAA trust account checks were being returned to the payees marked dishonored for nonsufficient funds in the account. Twaiten personally covered some of the n.s.f. checks, as the payees threatened to file claims against the AAA dealer's bond, on which Twaiten was a personal indemnitor.

In February 1982, Twaiten reported the loss to Tanke and informed him that he suspected the loss was the result of embezzlement by Sullivan. Shortly thereafter, Tanke prepared and submitted a notice of loss to CNA. On April 20, 1982, Twaiten submitted a sworn statement to CNA in which he alleged embezzlement by Sullivan. On June 24, 1982, Twaiten submitted an affidavit in which he claimed entitlement to CNA funds to cover his losses.

On September 28, 1982, CNA notified Twaiten that it was denying his claim because Sullivan was not an "employee" under the terms of the fidelity bond. The same day, Twaiten's attorney sent letters to CNA and Tanke, renewing Twaiten's demand for indemnification under the bond and threatening to commence a lawsuit if Twaiten's demand was not answered within ten days. However, Twaiten never commenced an action against CNA, allowing the two-year period of limitation to expire.

Twaiten initiated an action against respondents Tanke and Klein & Sons on July 10, 1986. In his complaint, Twaiten alleges: (1) that Tanke negligently failed to procure a proper fidelity bond to indemnify Twaiten against financial wrongdoing by Sullivan; and (2) that Klein & Sons negligently failed to properly educate and supervise Tanke, resulting in Tanke's failure to procure proper coverage.

Both parties moved for summary judgment. On June 2, 1988, the district court issued an order granting respondents' motion requesting that Twaiten be estopped from relitigating the issue of ownership of AAA and denying all other motions.

On the scheduled trial date, respondents brought a motion in limine, requesting that the court exclude evidence on eight specific matters. The court granted respondents' motion in limine and granted summary judgment of dismissal sua sponte, reasoning that Twaiten had waived his right to performance of the oral contract with Tanke and was estopped from asserting a claim against Tanke for failure to procure the requested insurance coverage because Twaiten failed to sue CNA under the policy before his right to do so expired.

Two previous actions arising out of the issuance of n.s.f. checks by AAA have been decided by the Houston County District Court. The first, *Norwest Nat'l Bank of Rochester v. American Auto Auction, Inc.*, No. 12696 (Houston Co.Dist.Ct. Oct. 8, 1984), was tried on April 24 and 25, 1984. In *Norwest*, judgment was entered against AAA in favor of various parties who suffered losses due to AAA's issuance of n.s.f. checks. The *Norwest* court also determined

> that despite a purported sale of American Auto Auction, Inc. to Richard Sullivan on August 12, 1980, Joel A. Twaiten at all relevant times retained ultimate control and direction over American Auto Auction, Inc.

The second action, *Joel A. Twaiten v. Capitol Indemnity Corp.*, No. C–83–248 (Houston Co.Dist.Ct. Jan. 22, 1988), was tried on July 28, 1987. In this action, the court determined that Capitol Indemnity Corp. was entitled to be indemnified by Joel and Beverly Twaiten for payments made to parties awarded judgments against AAA in *Norwest*. The court in *Capitol Indemnity Corp.* adopted the *Norwest* court's finding that the sale to Sullivan was essentially a fictitious transaction.

## ISSUES

1. Has the insured waived his right to performance under an oral contract and is he estopped from asserting a claim against the insurance agent and agency because he failed to bring a lawsuit against the insurer before his right to do so expired?

2. Did the trial court err in denying respondents' motion for summary judgment after properly applying collateral estoppel to preclude Twaiten from claiming that he had sold AAA to Sullivan?

## ANALYSIS

 The function of this court when reviewing a grant of summary judgment is to determine whether there are any genuine issues of material fact for trial and whether the court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Where material facts are undisputed this court's review of a trial court's grant of summary judgment is solely for errors of law. *See Gabrielson v. Warnemunde,* 443 N.W.2d 540, 543 (Minn.1989); *Arndt v. American Family Mut. Ins. Co.,* 380 N.W.2d 885, 888 (Minn.App.1986) (noting that this court need not give deference to a trial court's decision on a legal issue), *aff'd in part, rev'd in part, on other grounds,* 394 N.W.2d 791 (Minn.1986).

## I.

As support for its sua sponte grant of summary judgment in respondents' favor, the district court stated the rule that

> failure of an insured to take appropriate action when he becomes aware that the coverage he thought he had was not obtained by his insurance agent constitutes both a waiver of his right to performance under an oral contract and an estoppel against his right to assert a claim against the agent for failure to procure the requested coverage.

Applying this rule, the court held that Twaiten is estopped from asserting a claim against respondents because Twaiten failed to commence an action against CNA, the insurer, within the two year period of limitation provided by the terms of the fidelity bond.

As authority for the aforementioned rule, the district court cited 43 Am.Jur.2d *Insurance* § 140 (1982). The sole case cited in Am.Jur.2d as a source of the rule is *Burns v. Consolidated Am. Ins. Co.,* 359 So.2d 1203 (Fla.Dist.Ct.App.1978). After

reviewing *Burns* and other authority, we conclude that the district court misapplied the rule to the present facts.

The court in *Burns* held that the plaintiff had waived his right to performance under an oral contract with an agent to procure insurance and was estopped from asserting a claim against the agent for failure to procure the requested coverage where the plaintiff admittedly knew, *before* his loss by theft occurred, that the policy he owned did not cover the risk of theft. Because of a previous theft, the plaintiff knew he was not covered under the terms of his policy, yet failed to take remedial action before his loss through a second theft occurred. The court found estoppel applicable on those facts to preclude an action against the insurer and the agent who procured the policy. *Burns,* 359 So.2d at 1206 (citing *First Nat'l Ins. Agency, Inc. v. Leesburg Transfer & Storage, Inc.,* 139 So.2d 476, 480 (Fla.Dist.Ct.App.1962) (finding estoppel applicable on facts similar to *Burns* )).

The facts of the present case are not analogous to those in *Burns.* Here, Twaiten did not know until *after* his loss occurred that CNA would claim there was no coverage under the fidelity bond. Respondent contends that Twaiten's failure to sue CNA within the two-year period of limitation constitutes a failure to take "appropriate action" and that the underlying rationale of *Burns* is still applicable. We disagree. The Minnesota appellate courts have not yet had occasion to address this issue. However, case law from other jurisdictions convinces us that the rule stated in *Burns* is inapplicable on the present facts.

It is well-established in several jurisdictions that an insured, in order to recover on a claim against a broker or agent, need not show that he/she has sued the insurer. It is sufficient to show that the insurance policy is defective or invalid and that the insurer has refused to pay part or all of the claim. *See, e.g., Shea v. Jackson,* 245 A.2d 120, 121 (D.C.1968); *Johnson v. Illini Mut. Ins. Co.,* 18 Ill.App.2d 211, 217, 151 N.E.2d 634, 637–38 (1958); *Wolfswinkel v. Gesink,* 180 N.W.2d 452, 456 (Iowa 1970); *Harris v. A.P. Nichols Inv. Co.,* 25 S.W.2d 484, 488

(Mo.Ct.App.1930); *Scharles v. Hubbard & Co.*, 74 Misc. 72, 131 N.Y.S. 848 (1911); *Estate of Ensz v. Brown Ins. Agency, Inc.*, 66 Wis.2d 193, 202, 223 N.W.2d 903, 907 (1974).

*Estate of Ensz* is especially instructive on the present facts. In that case, the Wisconsin Supreme Court addressed the effect of an expired period of limitation under an insurance policy on a suit against an insurance agent and agency. The plaintiff in *Estate of Ensz* requested that an insurance agent procure a policy that would cover fire loss to plaintiff's house. The agent obtained a policy for plaintiff. By its terms, the policy required that actions against the insurer be commenced within one year of a loss. A fire occurred within the period of coverage under the policy. Plaintiff made a claim against the insurer under the policy. The claim was denied. Approximately 14 months after the fire, plaintiff commenced a lawsuit against the insurance agent and agency, alleging negligence and breach of contract for failure to provide proper coverage. On appeal, the agent and agency argued that the plaintiff's action against them was barred by the one-year time limitation for commencement of an action as provided by the fire insurance policy. The Wisconsin Supreme Court disagreed, stating:

> Unlike the liability of the insurer which may arise only by virtue of the existence of the policy, the liability of the agent has been held to rest on its contract with the insured to procure the insurance coverage agreed upon.

> In this case the action is against the agent who failed to provide effective coverage on the property as it was used and as he contracted to do. The limitations of the insurance contract that was issued are of no consequence and the applicable statute of limitations is that for contract. A cause of action against the agent, based upon his alleged negligence and breach of contract with the insured in procuring insurance coverage is [not an action on the policy].

*Id.* at 199, 223 N.W.2d at 907 (citations omitted).

■ Based on the sound reasoning of the Wisconsin Supreme Court in *Estate of Ensz* and on the well-established rule that an insured need not sue an insurer in order to recover on a claim against a broker or agent, we hold that Twaiten's failure to sue CNA within the period of limitation under the fidelity bond does not constitute a waiver of his right to performance under the oral agreement with Tanke, nor does it estop Twaiten from asserting a claim against respondents for failure to procure proper coverage. Twaiten's failure to sue CNA has no effect on the present action. This action is against respondents for alleged negligent failure to procure a proper fidelity bond; it is not an action on the bond itself. Thus, the two-year period of limitation under the bond is simply of no consequence. The fidelity bond is only relevant to the present action in that a determination by the trial court that the bond in fact provided no coverage for Sullivan's alleged embezzlement will be necessary in order for Twaiten to prevail on the merits.

## II.

■ After both parties moved for summary judgment, the district court, on June 2, 1988, issued an order denying Twaiten's motion and denying respondents' motion except as to their request that Twaiten be collaterally estopped from relitigating the issue of ownership of AAA. The Houston County District Court, in *Norwest Nat'l Bank of Rochester v. American Auto Auction, Inc.*, No. 12696 (Houston Co.Dist.Ct. Oct. 8, 1984), found

> that despite a purported sale of American Auto Auction, Inc. to Richard Sullivan on August 12, 1980, Joel A. Twaiten at all relevant times retained ultimate control and direction over American Auto Auction, Inc.

The district court in the present action determined that the doctrine of collateral estoppel precluded relitigation of the issue of ownership of AAA. We agree with this determination. *See Ellis v. Minneapolis Comm'n on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982) (setting forth test for application of collateral estoppel). Respondents

contend further that the *Norwest* court's finding is dispositive of the entire action and that the district court erred in denying their summary judgment motion on all other issues. We disagree.

The *Norwest* court merely determined that despite the purported sale to Sullivan, Twaiten at all relevant times retained ultimate control and direction over AAA. Neither *Norwest* nor the second action involving Twaiten, *Twaiten v. Capitol Indemnity Corp.*, No. C–83–248 (Houston Co.Dist.Ct. Jan. 22, 1987), made a determination that Sullivan's status was that of "employee" or that Sullivan's alleged acts of embezzlement were covered under the fidelity bond. These are issues of material fact. We therefore hold that the district court properly denied respondents' motion for summary judgment.

Because of our holding that summary judgment in respondents' favor was improper, we do not reach the issue, raised by respondent, of whether the district court abused its discretion by refusing to allow respondents to tax costs and disbursements against Twaiten.

### DECISION

The district court erred as a matter of law in determining that Twaiten is estopped from asserting a claim against respondents because he failed to bring an action against CNA to determine his rights under the fidelity bond within the period of limitations prescribed in the bond.

Although the doctrine of collateral estoppel precludes relitigation of the issue of a sale of AAA from Twaiten to Sullivan, there remain genuine issues of material fact, making a grant of summary judgment improper.

Affirmed in part, reversed in part, and remanded.